UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KENNETH COLVIN, JR.,

        Plaintiff,                        Case No. 2:13-cv-219

v.                                               Honorable Robert Holmes Bell

R. PEDERSON,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without payment of an initial partial filing fee. On September 12, 2013, this Court ordered service of Plaintiff's complaint on Defendant Pederson. On February 28, 2104, Defendant filed a motion for summary judgment (docket #19) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (docket #23) on or about March 27, 2014. Upon review, I recommend that Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies be denied.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE,

2

ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Plaintiff is presently incarcerated at the Muskegon Correctional Facility. In his complaint, Plaintiff claims that on June 17, 2013, Defendant Pederson filed a false misconduct ticket on him in retaliation for his use of the grievance procedure. Plaintiff was subsequently found not guilty of the misconduct. On June 18, 2013, Plaintiff filed grievance number LMF 13 06 957 09d, on the Warden, the Food Service Director, and the Food Service Leader, asserting that his meal did not include a protein substitute for meat because green beans were not a source of protein. On June 21, 2013, the step I response indicated that Plaintiff was correct and that protein had been added to Plaintiff's subsequent meals in order to make up for the lack of protein he received on the date of the incident. Plaintiff's step II appeal was denied on July 10, 2013, and his step III appeal was denied on July 31, 2013. *See* Defendant's Exhibit C, docket #20-4, pp. 2-5 of 13.

On June 28, 2013, Plaintiff filed grievance number LMF 13 06 1008 27a on this matter, which was rejected as non-grievable, because it was directly related to the misconduct hearing process. Plaintiff's step II appeal was filed on July 8, 2013, and was denied on July 11, 2013. In the step II response, Warden Catherine Bauman stated that Plaintiff's grievance had been properly rejected as a non-grievable issue. In the step III response, Grievance Specialist Sean Lockhart upheld the step II decision. *Id.* at pp. 9-13 of 13.

Defendant states that Plaintiff filed his step III grievance appeals on July 19, 2013, eight days after he filed the instant lawsuit in this case. *See* MDOC Prisoner Step III Grievance Report for Plaintiff, docket #20-3, p. 4 of 50. Defendant asserts that because Plaintiff filed his

3

lawsuit prior to completing the grievance process, he is entitled to summary judgment for failure to exhaust administrative remedies.

Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those

4

involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 120 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

As noted by Defendant, Plaintiff appears to have filed the instant lawsuit on July 11, 2013, eight days prior to the filing of his step III appeals in the above listed grievances. However, grievance number LMF 13 06 957 09d was filed on the Warden, the Food Service Director, and the Food Service Leader, and asserted that Plaintiff's meal did not include a protein substitute for meat because green beans were not a source of protein. Therefore, this grievance does not relate to Plaintiff's claims against the named Defendant in this case.

In grievance number LMF 13 06 1008 27a, Plaintiff asserted that Defendant falsified the threatening behavior misconduct in retaliation for Plaintiff's statement that he planned to file a grievance. Therefore, this grievance directly addressed the facts asserted in Plaintiff's complaint. However, as noted above, this grievance was rejected as non-grievable, because it was directly related to the misconduct hearing process. Plaintiff's subsequent appeals were denied on the same basis. Accordingly, the grievance procedure was not available to Plaintiff in this case. Plaintiff was found not guilty of a major misconduct after a hearing conducted by the prison hearings division. *See* MICH. COMP. LAWS § 791.251(2)(a). Decisions made in the prison hearings division are non-grievable. Policy Directive 03.02.130, ¶ F(1). Because Plaintiff was found not guilty, there was no need for him to file a motion for rehearing pursuant to MCL § 791.255(1). Defendant may not assert that Plaintiff failed to properly utilize the grievance procedure where the issue is considered non-grievable. Therefore, Defendant's motion is properly denied.

For the foregoing reasons, I recommend that Defendant's motion for summary judgment (docket #19) be denied.

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated: April 17, 2014

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).