UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


KENNETH COLVIN,

                    Plaintiff,                                    Case No. 2:13-CV-219

v.                                                               HON. ROBERT HOLMES BELL

R. PEDERSON,

                    Defendant.

_____/

### MEMORANDUM OPINION AND ORDER APPROVING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving an allegedly retaliatory misconduct ticket. Defendant filed a motion for summary judgment for failure to exhaust administrative remedies. The matter was referred to Magistrate Judge Timothy P. Greeley, who issued a Report and Recommendation (R&R), recommending that this Court deny the motion. The matter is presently before the Court on Defendant's objections to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court overrules the objections and issues this Memorandum Opinion and Order.

Defendant's sole objection is that Plaintiff was required to raise retaliation at the misconduct hearing in order to exhaust his administrative remedies, which he did not do. Defendant cites *Siggers v. Campbell*, 652 F.3d 681, 693–94 (6th Cir. 2011), for the proposition that "A prisoner claiming that the issuance of a major misconduct violation constituted retaliation must raise that issue at the misconduct hearing." (Def.'s Obj. 2, ECF No. 29.) The portion of *Siggers* that Defendant cites,

however, concludes that the plaintiff in that case had not exhausted his administrative remedies because the retaliation of which he complained at his hearing was different from the retaliation he presented to the court. *Siggers*, therefore, does not stand for the proposition for which Defendant cites it. Even if it did stand for such a proposition, the Misconduct Hearing Report reveals that Plaintiff at least raised the issue that the misconduct ticket was fabricated. Defendant's objection therefore lacks merit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Objections (ECF No. 29) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's R&R (ECF No. 27) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 19) is **DENIED**.


Dated: June 12, 2014                              /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE

2