UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN,

      Plaintiff,

v.                                                              Case No. 2:13-cv-219
                                                              HON. ROBERT HOLMES BELL

R. PEDERSON,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kenneth Colvin, an inmate currently confined at the Muskegon Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Pederson filed a false misconduct against Plaintiff in retaliation for his use of the grievance procedure. Plaintiff was engaged in a discussion with Defendant Pederson regarding Kosher meal trays. Plaintiff claims that this discussion was the first step before he filed a step I grievance on the issue. Plaintiff informed Defendant Pedersen that he intended to file a grievance on the issue. Subsequently, Defendant issued the misconduct ticket for threatening behavior when he allegedly overheard Plaintiff make a statement about Food Service Worker Carl. Plaintiff was found not guilty of the misconduct by a hearings officer. Plaintiff moves for summary judgment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and

admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant asserts that he would have filed the misconduct ticket regardless of whether Plaintiff intended to file a grievance on the Kosher issue. In fact, Defendant asserts that the proper way for Plaintiff to bring his concerns to the attention of the prison is to file a grievance. Defendant asserts that he does not have an issue with Plaintiff or any prisoner regarding the filing of grievances. Defendant heard Plaintiff make the statement "better get with Food Service Leader Carl and teach her how to talk to prisoners before I slap her bitch ass in the face." Plaintiff claims that if the court reviewed the security video, the court would find for Plaintiff. Plaintiff has not provided the court with the security video and it has not been made a part of the court record. The misconduct hearing report states:

> EVIDENCE/STATEMENTS IN ADDITION TO MISCONDUCT REPORT:
>
> Misconduct report, investigator report, prisoner's statement, statements from Henderson, Davis, and Betz, responses from Pederson, verification and Misconduct Sanction Screening Form read to the prisoner. Hearing Officer viewed the video to start the hearing. Prisoner informed that, when the video started at 11 58 01, the prisoner appeared to be talking to someone behind the line. Pederson walked over to the prisoner's table at 11 58 01 and Carl came over at 11 58 13 and showed the prisoner a piece of paper. Pederson left at 11 58 21 and Carl remained, standing right next to the prisoner. She left at 11 58 36. Pederson came back at 11 59 07 with some piece of paper, showed it to the prisoner, and left at 11 59 25. Prisoner left his seat at 11 59 49. No other staff members were seen in the area. Prisoner stated that he was talking to Carl when the video started and it showed him talking to someone on the serving line. Prisoner stated that he wrote a grievance on this and Aaron came over to review him on the grievance on Thursday. Aaron said he would be a witness as this is a fabricated misconduct report. Pederson tried to have Aaron involved in another ticket and Aaron refused. He would like Aaron as a witness. Prisoner asked if Carl's statement was obtained. Prisoner had no other comment. Prisoner informed of the decision prior to leaving the hearings room.
>
> REASONS FOR FINDING:
>
> VIDEO: The Hearing Officer is holding the video and the still from that video to be confidential. Release of the video or still would disclose the range and scope of camera coverage and jeopardize institutional security. Prisoner is not prejudiced by this finding as the contents were released to the extent mentioned in this hearing

report and the prisoner was given an opportunity to comment on the video during the hearing.

AARON: Aaron was not present at the time of the incident. His statement, which would be nothing more than speculation if the prisoner's claims about his conversation with Aaron are true, is irrelevant.

CARL: Questions to Carl should have been answered as they could have provided relevant details about this incident. The failure to obtain the responses from Carl, however, did not prejudice the prisoner as the misconduct report is not being upheld.

QUESTIONS: The Hearing Investigator re-phrased the prisoner's questions so the response was not given in the question itself - in other words, so the questions were not leading. This is appropriate as leading questions are discouraged.

THREAT: On 6/17/13 the Food Steward wrote in his misconduct report against the prisoner that the prisoner "called me over to his tale to talk about his meal. Prisoner stated to me with direct eye to eye contact from approx. 2 feet away, 'You had better get with Food Leader Carl and teach her to talk to prisoners before I slap her bitch ass in the face.'" According to the response given by the Food Steward to a question posed by the prisoner, this threat was made "before FSL Carl came out with the menu." Prisoner claims that he did not threaten Carl and requested the video to prove that point. The video is far more consistent with the prisoner's assertion that he had NOT threatened Carl than the Food Steward's claim that the prisoner HAD threatened Carl. The video showed the prisoner talking with someone on the food service line - apparently Carl - when Pederson walked over at 11 58 01. According to the information provided by Pederson this is the time that the prisoner had threatened to slap Carl "bitch ass in the face." Carl then walked over to the prisoner and Pederson 12 seconds later. The fact that she walked over would indicate that she did not feel threatened by the prisoner, although it is possible that she wouldn't have heard the prisoner's threat as the prisoner was talking to Pederson when the threat was supposedly made. What is surprising, if a threat had been made, is that Pederson left Carl with the prisoner 8 seconds later and walked away. If the prisoner had threatened to "slap her bitch ass in the face," it makes absolutely no sense for Pederson not to warn Carl, which apparently he did not do as she remained with the prisoner, or to walk away and leave Carl standing right next to the prisoner. If nothing else, Pederson should have remained as a deterrent to any physical attack on Carl instead of leaving the area. Although staff members are trained to downplay and deescalate threatening situations, they also watch each other's backs. It makes no sense that the Food Steward would leave Carl with the prisoner less than twenty seconds after the prisoner had threatened to slap her. That does not ring true. Prisoner is believed that no threat was made based on the reporting staff member's own actions as evidenced by the video. Charge not upheld.

It is clear that the evidence supports Plaintiff's claim. However, Defendant's affidavit raises a genuine issue of fact that requires denial of Plaintiff's motion. In the opinion of the undersigned, there is evidence of record that creates a genuine issue of material fact and shows that this is a matter for trial and not an issue that can be resolved on motion for summary judgment.

Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment (Docket #24) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 11, 2015