UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KENNETH COLVIN, JR.,

    Plaintiff,

v.                                                              Case No. 2:13-cv-219
                                                                                  HON. ROBERT HOLMES BELL

ROBBY PEDERSON,

    Defendant.

_____/

REPORT AND RECOMMENDATION

        Plaintiff Kenneth Colvin filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendant Robby Pederson.  On June 17, 2013, Plaintiff was incarcerated at the Alger Correctional Facility in Munising, Michigan, when he approached Food Service Leader Robby Pederson with concerns about the Kosher diet.  Plaintiff threatened to submit a grievance about the lack of protein on his meal tray.  Plaintiff allegedly stated to Defendant Pederson: "better get with Food Service Leader Carl and teach her how to talk to prisoners before I slap her bitch ass in the face." Mary Carl joined the conversation and Defendant Pederson went to retrieve a menu to address Plaintiff's concerns.  Defendant Pederson planned to write a misconduct ticket on Plaintiff for insolence, but first wanted to address Plaintiff's concerns regarding the Kosher meals.

        After Defendant Pederson allegedly spoke with Sergeant Rangle, he issued Plaintiff a misconduct ticket for threatening behavior instead of insolence.  Plaintiff was found not guilty of the misconduct after a hearing was held.  The hearing officer explained:

> On 6/17/13 the Food Steward wrote in his misconduct report against the prisoner "called me over to his table to talk about his meal.

>Prisoner stated to me with direct eye to eye contact from approx. 2 feet away. You had better get with Food Leader Carl and teach her to talk to prisoners before I slap her bitch ass in the face." According to the response given by the Food Steward to a question posed by the prisoner, this threat was made "before FSL Carl came out with the menu." Prisoner claims that he did not threaten Carl and requested the video to prove that point. The video is far more consistent with the prisoner's assertion that he had NOT threatened Carl than the Food Steward's claim that the prisoner HAD threatened Carl. The video showed the prisoner talking with someone on the food service line – apparently Carl – when Pederson walked over at 11 58 01. According to the information provided by Pederson this is the time that the prisoner had threatened to slap Carl "bitch ass in the face." Carl then walked over to the prisoner and Pederson 12 seconds later. The fact that she walked over would indicate that she did not feel threatened by the prisoner, although it is possible that she wouldn't have heard the prisoner's threat as the prisoner was talking to Pederson when the threat was supposedly made. What is surprising, if a threat had been made, is that Pederson left Carl with the prisoner 8 seconds later and walked away. If the prisoner had threatened to "slap her bitch ass in the face,' it makes absolutely no sense for Pederson not to warn Carl, which apparently he did not do as she remained with the prisoner, or to walk away and leave Carl standing right next to the prisoner. If nothing else, Pederson should have remained as a deterrent to any physical attack on Carl instead of leaving the area. Although staff members are trained to downplay and de-escalate threatening situations, they also watch each other's backs. It makes no sense that the Food Steward would leave Carl with the prisoner less than twenty seconds after the prisoner had threatened to slap her. That does not ring true. Prisoner is believed that no threat was made based on the reporting staff member's own actions as evidenced by the video. Charge not upheld.

Docket #58-2, Page ID #268.

Plaintiff complains that Defendant Pederson issued the misconduct ticket in retaliation for Plaintiff's threat to file a grievance. Plaintiff argues that he never made the statement that was attributed to him by Defendant Pederson. Plaintiff claims that the misconduct ticket was false and retaliatory. Defendant Pederson argues that Plaintiff made the statement, although he now argues that he never thought the statement was threatening and he never felt that Carl was in danger.

Defendant Pederson indicates that he felt the statement was an act of insolence and not threatening behavior. Plaintiff moves for summary judgment and Defendant moves for summary judgment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff argues that he is entitled to summary judgment because he has satisfied each of the elements of retaliation. Defendant argues that he is entitled to summary judgment because he would have issued the misconduct ticket even if Plaintiff did not threaten to file a grievance.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In the opinion of the undersigned, summary judgment is not appropriate for either party, because a question of fact exists as to whether the misconduct ticket was issued in retaliation for Plaintiff's statement to Defendant that he intended to file a grievance. Plaintiff claims that he explained that he would file a grievance to both Defendant and Ms. Carl once he returned to his cell. Plaintiff wrote the grievance immediately after returning to his cell. Shortly, thereafter, Plaintiff was taken to segregation based upon the misconduct ticket written by Defendant. Plaintiff claims that the misconduct was motivated by the fact that he told Defendant Pederson that he would file a grievance regarding the lack of protein in his Kosher meal. Defendant Pederson argues that he intended to file a misconduct ticket against Plaintiff for insolence based upon the statement made by Plaintiff that he would slap Carl in the face. Defendant Pederson thought the statement was derogatory and not threatening. Defendant Pederson states that he changed the misconduct ticket to threatening behavior after talking to Sergeant Rankin. Sergeant Rankin indicated that the conduct fit a threatening behavior infraction. Defendant Pederson indicates that he has no issues with Plaintiff filing grievances, as that is Plaintiff's right and the proper avenue to resolve issues in the

prison. Defendant Pederson contends that the misconduct ticket was issued solely based upon Plaintiff's statement about slapping Mary Carl and was not issued because Plaintiff threatened to submit a misconduct ticket about the lack of protein in his Kosher meal. In the opinion of the undersigned, this issue is solely one of credibility. Plaintiff has one version of the events that is backed up by the Hearing Officer finding him not guilty of threatening behavior. Defendant has a different version of the events and argues, that although Plaintiff was not found guilty of threatening behavior, he did make an inappropriate comment about slapping Mary Carl in the face. Plaintiff denies making that comment. In the opinion of the undersigned, a question of fact exists regarding whether the misconduct ticket issued in this case was retaliatory.

Alternatively, Defendant moves for qualified immunity. Qualified immunity is available to Defendant even if Plaintiff can show that his rights were violated, if the right was not clearly established in the law at the time of the violation. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. In the opinion of the undersigned, a question of fact exists regarding whether Defendant's conduct in issuing the misconduct ticket was in retaliation for Plaintiff's threat to submit a grievance on the Kosher meal issue. Further, Defendant cannot argue that the law regarding issuing false misconduct tickets in retaliation for a prisoner's use of the grievance system was not clearly established in June 2013.

Accordingly, it is recommended that Defendant's Motion for Summary Judgment (Docket #57) be denied and Plaintiff's Motion for Summary Judgment (Docket # 66) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: October 13, 2015                         /s/ TIMOTHY P. GREELEY
                                                TIMOTHY P. GREELEY
                                                UNITED STATES MAGISTRATE JUDGE